RACHEL BROFMAN AND HUSBAND ET AL., PLAINTIFFS, v.
EDWARD FISHER, DEFENDANT.

Submitted October term, 1927—Decided March 10th, 1928.

Before Gummere, Chief Justice, and Justices Black and Lloyd.

For the plaintiffs, *Martin J. Greenblatt.*

For the defendant, *Howard L. Miller.*

Per Curiam.

This suit was brought to recover damages for personal injuries, and damages to a Ford coupe. The plaintiff Rachel Brofman was driving the Ford coupe, which was owned by her husband, Chanan Brofman, and in which the infant plaintiff, Samuel Brofman, was riding, on November 29th, 1926, on West Landis avenue, in the township of Landis, when a collision occurred with the defendant's truck causing the injuries sued for. The trial resulted in verdicts for the plaintiffs.

The defendant obtained a rule to show cause and writes down six reasons for a new trial. Our reading of the record leads us to the conclusion that the rule to show cause should be discharged. None of the reasons call for any discussion, except No. 2, error in refusing to grant a mistrial, when the plaintiffs introduced testimony to show that the defendant was insured. This came into the case when Harry Powell, the plaintiffs' witness, was asked this question: "*Q*. What did

he say as to any damages? *A.* Well, he said that he was insured and— *Q.* Did he say whether he would pay the damages? *A.* Well, no," &c. "He said he was insured." The trial court in the charge said to the jury: "The jury should absolutely eliminate that statement from your mind," &c. *Bradley* v. *Cleary,* 86 *N. J. L.* 338. The refusal to withdraw a juror and thereby produce a mistrial is a matter that rests in the discretion of the trial judge. *Smith* v. *Brunswick Laundry Co.,* 93 *Id.* 436.

The rule to show cause is discharged.